# House, Appellant, v. Northwestern Life Assurance Company.

*Insurance—Mutual life insurance—Designation of beneficiary —" Devisee."*

Where a member of a mutual life insurance company states in his application that the insurance shall be paid to the " devisees " under his will, or in case of their death to his " heirs at law," and the company certifies that it agrees to pay " to his devisees, or if no will specifically bequeathing the benefits which shall be payable on account of this certificate shall appear, and be brought to the knowledge of this association within sixty days after the death of the said insured, then to the heirs at law of said insured," and the insured by his will gives, devises and bequeaths all his property to his wife, the wife is entitled to the insurance money.

Argued March 29, 1901. Appeal, No. 24, Jan T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 103, upon case stated in suit of Patia S. House, Ex-

**174**      HOUSE *v.* LIFE ASSURANCE CO.

ecutrix of George House, Deceased, v. Northwestern Life Assurance Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Case stated in interpleader to determine the ownership of the proceeds of a policy of life insurance.

The court in an opinion by WILLSON, J., entered judgment in favor of the heirs at law of George House, deceased.

*Error assigned* was in not entering judgment in favor of Patia S. House for the whole amount of the insurance policy.

*John G. Johnson,* for appellant, cited : Currier v. Currier, 47 Atl. Repr. 94; Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99.

*Joseph MacGregor Mitcheson,* for appellee, cited: National Mutual Aid Society v. Lupold, 101 Pa. 111; Vollman's App., 92 Pa. 50; Hodge's App., 8 W. N. C. 209.

OPINION BY MR. JUSTICE BROWN, July 17, 1901 :

On April 29, 1885, George House, deceased, the husband of appellant, made application for membership in the Northwestern Masonic Aid Association, now the Northwestern Life Assurance Company. On September 15, 1891, he made application for increased benefits. In each of these applications, in reply to the question, " To whom do you desire the money to be paid in case of death ? " the answer was, " To my devisee." At the time of the second application, he had executed his will, in which, after a direction for the payment of debts and funeral expenses, there is the following clause : " Second. I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, to my wife, Patia S. House absolutely." Subsequently, on March 22, 1892, he applied to the association for leave to surrender the certificates of membership granted him, and to have issued, in lieu thereof, " a certificate as provided in sections 8 and 9 of article IV of the by-laws with the benefits payable as follows : To the devisees under my will or in case of their death to my heirs at law." In pursuance of the last application, the association, on April 1, 1892, issued a cer-

tificate in the sum of $10,000, to which copies of the first two applications were annexed.    The certificate contained the following provision: " The Northwestern Masonic Aid Association in consideration of the payment of the required membership fee and the representations, agreements and warranties made to it in the application of George House . . . . does promise and agree to pay (the said sum) to his devisees, or if no will specifically bequeathing the benefits which shall be payable on account of this certificate shall appear and be brought to the knowledge of this association, within sixty days after the death of the said insured, then to the heirs at law of said insured."

Both House and the association used the terms " devisee," " devisees " and " heirs at law " in their popular and not their technical sense, and the manifest intention of the parties to the contract was, that the benefits should be paid to such person or persons as House might name as the beneficiaries in his will.    On the part of the appellant it is contended that, as her husband gave her his entire estate, after the payment of his debts, she is to be considered as his devisee, as contemplated in the applications and certificate, and entitled to receive the entire fund paid into court by the company.    The learned judge below was of the opinion that " it was Mr. House's desire and intention that his wife should get the entire benefits arising from the certificate of membership."    In this we fully agree with him ; " but," he adds, " the language of the contract seems to us to be too explicit and clear to enable this purpose, if it existed, to be effected."    In this conclusion we cannot concur. In each of the applications the devisee or devisees of the applicant were named as the person or persons to whom the benefits should be paid, and, in the last one, they were to be paid " to the devisees under my will, or, in case of their death, to my heirs at law."    The association agreed to pay his devisees, adding the following words, which, in the judgment of the court below, defeated the intention of the deceased : " Or if no will specifically bequeathing the benefits which shall be payable on account of this certificate shall appear and be brought to the knowledge of this association, within sixty days after the death of the said insured, then to the heirs at law of said insured."    The manifest intention of both parties to this contract

for the payment of benefits was, that House should, by his will, name the parties to receive them. But, by the will, he could not dispose of the benefits as part of his estate, for they were not his property, and could not become such in his lifetime: Hodge's Appeal, 8 W. N. C. 209; Anderson's Estate, 85 Pa. 202. They were to be disposed of according to the terms of the certificate of membership, which must be read in connection with the applications to learn what was the intention of the parties to the contract; and the right reserved by and given to House was simply to name in his will the person or persons to whom the money should be paid. The will, as such, did not and could not pass the benefits, for it passed only what belonged to the testator. It was simply designated by the parties to this beneficial contract as the place where the names of the beneficiaries could be found, if the holder of the certificate saw fit to insert them. Inasmuch as in the applications the devisee or devisees of the applicant were named by him as such beneficiaries, and as he named his wife as his sole devisee, there can be, as was most properly said by the court below, no doubt as to the intention of House that she should receive all of the benefits; and there can be no doubt, on the other hand, that the company, having issued its certificate in pursuance of the applications, so understood or ought to have understood, its agreement to pay the devisees. House distinctly made known to it that the money should be paid to whoever might be his devisee or devisees generally, and not to such person or persons as he might specifically bequeath it to. The presumption is that the minds of the contracting parties had not only agreed, but had fully understood each other, and this presumption cannot be overcome, unless the terms of the contract must inevitably lead us to disregard their intention and understanding. As the words " devisee," " devisees " and " heirs at law " were not used in their strict and technical sense, it can be fairly inferred that " specifically " was not used in its strict or technical sense. As was said by the court below, " the question is purely one of interpretation and construction, and cannot be made any more clear or conclusive by amplification; " and we cannot, therefore, make any clearer what to us, from all that has been disclosed by the case stated, is so clear, that the intention, not only of House, but of the company, was, that the benefits ac-

cruing on the certificate should be paid to whoever might be named as devisee or devisees in his will; and the agreement having been so understood by both parties to it, their mutual intention cannot be defeated by insisting upon a too strict construction of the words used.

The judgment of the court below is reversed, and, in accordance with the terms of the case stated, the fund in court is awarded to Patia S. House in her own right.